IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIM KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-066-JHP |
| | ) | |
| CITY OF SEMINOLE, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's Partial Motion to Dismiss [Docket No. 9], Plaintiff's Response to the Motion [Docket No. 18], and Defendant's Reply [Docket No.19]. For the reasons set forth below, Defendant's Motion is GRANTED in part, and DENIED in part.

## BACKGROUND

Plaintiff, Kim King, resides within the city limits of the City of Seminole. Defendant, the City of Seminole, is an Oklahoma municipal corporation. Defendant began constructing improvements on a roadway running in front of Plaintiff's residence. The construction resulted in modifications to the roadway and drainage system near Plaintiff's residence. Plaintiff filed a Petition in the District Court of Seminole County alleging that the construction project decreased the ability of the surrounding property to handle surface water runoff, and increased the potential for flooding and water damage to her property. [Docket No. 2-4]. Plaintiff also alleges that after the construction, she has experienced continuous and severe flooding causing permanent and substantial damage to her property. The Petition alleges five causes of action: (1) inverse condemnation under Oklahoma law; (2) continuing trespass, (3) unconstitutional taking under

1

the Oklahoma Constitution and due process violation under Fourteenth Amendment;[1] (4) negligence; and (5) nuisance.

On February 20, 2009, Defendant removed the case to this Court based on the constitutional claims asserted in Plaintiff's third cause of action. Five days later, Defendant filed the instant Motion seeking dismissal of Plaintiff's third cause of action. Defendant alleges that any Fourteenth Amendment due process claim based on an unconstitutional taking is premature and not ripe for judicial consideration because Plaintiff must first seek and be denied just compensation through a state inverse condemnation action. Defendant argues that because Plaintiff brought the taking and inverse condemnation actions together in one lawsuit, she has not yet been denied just compensation. In response, Plaintiff argues that she is not required to first bring an inverse condemnation action because she is seeking compensation for a physical taking of her property, not a regulatory taking.

## ANALYSIS

A. Plaintiff's Fourteenth Amendment Claim is Not Ripe for Judicial Consideration

The United States Supreme Court addressed the issue of judicial ripeness in the context of an unconstitutional taking claim in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). In *Williamson County*, the owner of a tract of land sued the Williamson County Regulatory Planning Commission asserting that certain amendments to zoning ordinances resulted in a taking of his property without just compensation.

---

[1] Originally, there was confusion over whether Plaintiff was asserting a Fifth Amendment takings claim in addition to a Fourteenth Amendment due process claim. However, the briefing clarified that Plaintiff was only asserting a Fourteenth Amendment claim and a takings claim under Oklahoma law, not a Fifth Amendment takings claim.

The land owner brought a Fifth Amendment taking claim and a claim alleging the taking deprived him of due process in violation of the Fourteenth Amendment. *Id*. at 175. The Court held that the land owner's Fifth Amendment taking claim was not ripe because he had not sought appropriate compensation through the established state proceedings. In reaching this conclusion, the Court stated that the Fifth Amendment does not broadly proscribe any taking of property, but only the taking of property without just compensation. *Id*. at 194. The Amendment does not require the compensation to be paid in advance of, or contemporaneous with, the taking. *Id*. Additionally, the Court stated that "[i]f the government has provided an adequate process for obtaining compensation, and if resort to that process 'yields just compensation,' then the property owner has no claim against the government for a taking . . ." *Id*. at 194-95 (internal citation omitted). The Court recognized that the applicable state law provided the land owner with an inverse condemnation claim which he had not pursued. The Court found that until the land owner had been unsuccessful in his attempt to obtain just compensation through the inverse condemnation claim, he had not suffered an unconstitutional taking. *Id.* at 196. Accordingly, his Fifth Amendment claim was premature.[2] *Id*.

*Williamson County* provides a two prong test for determining whether a regulatory taking claim under the Fifth Amendment is ripe for judicial consideration. First, "the government entity charged with implementing the regulations [must have] reached a final decision regarding the application of the regulations to the property at issue." *Id*. at 186. Second, the plaintiff must seek and be denied just compensation through the applicable state procedure, if an adequate

---

[2] The Court also found the landowner's due process claim premature because there was no final decision by the entity responsible for the zoning regulation. *Id*. at 199-200.

procedure exists. *Id*. at 195.³ Often, a plaintiff-land owner will bring both a Fifth Amendment takings claim and a Fourteenth Amendment due process claim based on the same set of facts. In these situations, the Tenth Circuit has held that the ripeness requirements of *Williamson County* also apply to due process claims that arise out of the same facts as the accompanying taking claim. *Bateman v. City of West Bountiful*, 89 F.3d 704, 709 (10th Cir. 1996). The Tenth Circuit stated that it will not allow a "resourceful litigant to circumvent the [*Williamson County*] ripeness requirements simply by alleging a more generalized due process . . . violation." *Id*. Furthermore, the *Williamson County* ripeness requirements apply even when a due process claim is brought without a parallel taking claim. *See Signature Properties v. City of Edmond*, 310 F.3d 1258, 1265-69 (10th Cir. 2001).

In this case, Plaintiff only brings a Fourteenth Amendment due process claim. Plaintiff does not appear to dispute that the *Williamson County* ripeness requirements apply with equal force to due process claims and Fifth Amendment taking claims. However, Plaintiff argues that *Williamson County* and its progeny only applies to regulatory takings and not to physical takings such as the one in this case. In support of her argument Plaintiff cites to several cases from the California Court of Appeals. *See Hurwitz v. City of Orange*, 122 Cal. App. 4th 835, 846-47 (2004); *Hensler v. City of Glendale*, 8 Cal. 4th 1 (1994); *Leppo v. City of Petaluma*, 20 Cal. App. 3rd 711 (1971). Despite Plaintiff's contentions, these cases are wholly unsupportive of her position. First, none of the cases discuss the *Williamson County* case. Additionally, none of the cases involve a Fifth Amendment taking claim or a Fourteenth Amendment due process claim.

---

³ The first prong is referred to as the "final decision requirement" and the second prong is referred to as the "state action requirement."

All of the cases involve inverse condemnation claims brought in state court and the issues involved in those cases are irrelevant to the question before the Court.

Although it appears the Tenth Circuit has not specifically addressed whether *Williamson County* applies to physical takings, several other circuits have held that the ripeness principles are applicable to cases involving physical as well as regulatory takings. *Association De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 15 (1st Cir. 2007); *Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 912 (9th Cir. 2007); *Pascoag Reservoir & Dam, L.L.C. v. Rhode Island*, 337 F.3d 87, 91-92 (1st Cir. 2003); *McKenzie v. City of White Hall*, 112 F.3d 313, 316-17 (8th Cir. 1997); *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 380 (2d Cir. 1995); *contra Theodorou v. Measel*, 53 Fed. Appx. 640, 642-43 (3d Cir. 2002). Courts applying the *Williamson County* ripeness test in cases involving physical takings have found that the first prong of the test (the final decision requirement) is instantly satisfied when there is a physical taking. *Vacation Village, Inc.*, 497 F.3d at 912. This is because once a physical taking occurs, the government cannot take any subsequent action to change the fact. *Id.* The second prong (state action requirement), however, must still be satisfied in a physical taking case by seeking just compensation from the state. *McKenzie,* 112 F.3d at 316-17. The Court finds this rationale persuasive. As the Supreme Court stated in *Williamson County*, the Constitution only prohibits the taking of property without just compensation. *Williamson County*, 473 U.S. at 194. This principle governs both regulatory and physical takings. Therefore, the Court adopts the approach utilized by the First, Second, Eighth, and Ninth Circuits which requires the *Williamson County* ripeness test to be satisfied before a plaintiff can maintain a physical taking claim.

5

Plaintiff's due process claim is not ripe for judicial consideration because she has not been denied just compensation by the state. As stated above, the *Williamson County* ripeness requirements apply to due process claims which arise out of the same facts as a takings claim. Contrary to Plaintiff's argument, the Court finds that the *Williamson County* ripeness principles also govern cases involving physical takings. Because Plaintiff alleges an unconstitutional physical taking, the first prong of the ripeness test is automatically satisfied. The second prong, however, is only satisfied once Plaintiff seeks and is denied just compensation for the alleged taking. Plaintiff does not argue that the inverse condemnation action provided by Oklahoma law is not an adequate procedure for seeking such compensation. In fact, Plaintiff has asserted an inverse condemnation claim against Defendant in this case. Because Plaintiff brings the inverse condemnation action contemporaneously with her due process claim, she has not yet been denied just compensation for the alleged taking. As a result, Plaintiff's due process claim is premature.

B. Alleged Violation of the Oklahoma Constitution

This Order disposes of Plaintiff's only federal claim and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, the Court does not reach Defendant's argument for dismissal of Plaintiff's Oklahoma Constitution based claim. A separate Order remanding the case to state court will be entered in conjunction with this Order.

**CONCLUSION**

For the reasons stated herein, Plaintiff's due process claim is dismissed without prejudice and the Court does not reach the Oklahoma Constitution claim. Therefore, Defendant's Motion to Dismiss is hereby GRANTED in part, and DENIED in part.

IT IS SO ORDERED this 18th day of September, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma